Fabián, Peticionario, *v.* Rossy, Juez de Distrito et al., Demandados, y Finlay, Interventora.

Solicitud para que se expida un mandamiento de *certiorari* a los Jueces de la Corte de Distrito de San Juan, Sección 2ª., y Humacao, en causa sobre divorcio.

No. 149.—Resuelto en julio 15, 1915.

Conocimiento Judicial—Vacaciones de las Cortes de Distrito.—La Corte Suprema puede tomar conocimiento judicial de los períodos de vacaciones de las Cortes de Distrito.

Jueces de Distrito—Jueces de las Secciones 1ª. y 2ª. del Distrito de San Juan—Sustitución Reglamentaria—Vacaciones.—La sustitución mutua de los jueces de las Secciones 1ª. y 2ª. de la Corte de Distrito de San Juan establecida por la sección 12 de la Ley aprobada en 8 de marzo de 1906, no comprende el caso en que uno de los jueces esté disfrutando de vacaciones, pues sólo se refiere a los casos en que uno de ellos esté enfermo o impedido de desempeñar sus funciones, por causas independientes de su voluntad, y no hay ley alguna que establezca sustituciones reglamentarias para los casos en que un juez de distrito esté en vacaciones.

Traslado de Causas—Jueces de Distrito—Jurisdicción.—No pudiendo uno de los jueces de las dos secciones de la Corte de Distrito de San Juan sustituir al otro, por no otorgarle jurisdicción para ello la sección 12 de la Ley de 8 de marzo de 1906 sino en los casos que expresa, carece igualmente de jurisdicción para ordenar el traslado a otra corte de distrito del caso que indebidamente ha sido sometido a su conocimiento.

Id.—Incapacidad de un Juez para Actuar como Tal—Audiencia de las Partes Acerca del Cambio en el Lugar de la Vista.—Cuando de acuerdo con el artículo 23 del Código de Enjuiciamiento Civil un juez entienda que está incapacitado para actuar en un caso, conforme el artículo 84 del mismo Código, no puede ordenar un cambio en el lugar de la vista sin antes oir a las partes acerca del distrito a que quisieran verificar el traslado.

Los hechos están expresados en la opinión.

Abogados del peticionario: *Sres. Bosch & Soto.*

Abogados de la interventora: *Sres. Llorens & Canales.*

Los demandados no comparecieron.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Con fecha 17 de abril del corriente año 1915, Josefina Finlay radicó una demanda ante la Corte de Distrito de San Juan, Sección 1ª., ejercitando la acción de divorcio contra su legítimo esposo Rafael Fabián, y emplazado éste, verificó su comparecencia proponiendo ciertas eliminaciones del escrito de demanda.

Por orden de 19 de abril citado, la referida corte a moción jurada de la demandante dispuso que la niña Josefina, hija de los esposos Fabián-Finlay, quedara durante el pleito bajo la guarda y cuidado de la demandante; pero en 5 de mayo siguiente ambas partes presentaron a la corte una estipulación escrita que fué aprobada, en virtud de la cual la niña Josefina había de quedar depositada bajo el cuidado y custodia de las Reverendas Madres del Colegio del Sagrado Corazón de esta ciudad, barrio de Martín Peña, y sujeta a las órdenes y mandatos de dicha corte, sin que ninguno de los cónyuges pudiera mientras tanto sacar del colegio a la menor, aunque conservarían con ella las relaciones de familia.

Fué presentada otra moción por Josefina Finlay en 22 de mayo para que el juez practicara una inspección personal del estado en que se encontraba la niña y de las condiciones que la rodeaban con el fin de resolver por sí propio si debía pasar las vacaciones en el Colegio del Sagrado Corazón donde se encontraba o en compañía de su madre y abuela que vivían en Santurce, con las que tendría toda clase de atenciones y comodidades. No aparece que a esta moción se dictara resolución alguna.

En 9 de junio fué radicada otra moción de Josefina Finlay dirigida a la Corte de Distrito de San Juan, Sección 1ª., con súplica de que ordenara que la niña Josefina Fabián Fin-

lay pasara los dos meses de vacaciones en la casa y bajo el cuidado de la demandante por el fundamento de que la salud de la niña requería su salida del Colegio. Esa moción no fué notificada al demandado.

En 11 de junio la propia demandante presentó una moción a la Corte de Distrito de San Juan, Sección 2ª., con súplica de que atendida la urgencia del caso por estar la niña Josefina Fabián Finlay padeciendo de una fuerte afección psíquica que podía ocasionarle graves trastornos en su salud, según informe de peritos médicos que en forma de *affidavit* acompañaba, procediera dicha corte de acuerdo con lo que dispone la ley referente a las dos secciones de la Corte de Distrito de San Juan aprobada en 1906, a señalar día y hora para celebrar la vista de la moción presentada a la sección 1ª. de dicha corte el día 9 de junio. Tampoco esa moción dirigida a la sección 2ª. fué notificada al demandado Rafael Fabián. La Corte de Distrito de San Juan, Sección 2ª, dictó en 14 de junio una orden que copiada a la letra dice así:

"POR CUANTO en este caso, pendiente en la sección primera de esta corte de distrito, se ha presentado por la demandante una moción debidamente jurada y basada en informes de expertos médicos bajo juramento, solicitando que la niña Josefina Fabián Finlay, que actualmente se halla bajo la custodia de esta corte en el Colegio del Sagrado Corazón de Jesús, en el barrio de Santurce de esta ciudad, sea trasladada a pasar las vacaciones de dicho colegio a la casa de la demandante, madre de dicha niña, fundándose dicha moción en motivos de enfermedad que aquejan a la referida niña y en que su salud corre grave peligro;

"POR CUANTO los abogados de la demandante, de acuerdo con la ley referente a las dos secciones de esta corte de distrito aprobada en 1906, han solicitado del juez de la sección segunda que se celebre en su presencia la vista de dicha moción, dada la perentoriedad de la misma;

"POR CUANTO el juez de la sección segunda que suscribe, se considera descalificado para actuar como juez en la vista de dicha moción, por tener conocimiento personal del caso y tener opinión formada;

"POR CUANTO por los motivos indicados conviene a los fines de la justicia que esta moción se discuta y resuelva ·en otra corte donde no existan los inconvenientes apuntados, y siendo la Corte de Humacao la más cercana a la de San Juan;

"POR TANTO, resuélvese por el juez de la sección segunda en esta corte, actuando como juez sustituto de la sección primera, que este caso sea trasladado inmediatamente a la Corte de Distrito· de Humacao, y en su consecuencia el secretario de esta corte de distrito remitirá los autos a la Honorable Corte de Humacao, de acuerdo con el artículo 85 del Código de Enjuiciamiento Civil, siendo las costas de dicho traslado por cuenta de la demandante. y solicitante."

Los procedimientos relacionados han dado lugar a que la representación de Rafael Fabián acudiera a esta Corte Suprema en 17 de junio en solicitud de auto de *certiorari* dirigido a cualquiera de los Jueces de la Corte de Distrito de San Juan, Sección 2ª., Hon. Jesús María Rossy, o de la Corte de Distrito de Humacao, Hon. Rafael Cuevas Zequeira, para la remisión de los autos originales del caso o de copias certificadas de ellos con el fin de que fueran revisados los procedimientos y en definitiva se declarara nula y sin ningún valor la orden de 14 de junio de 1915.

Fué expedido el auto de *certiorari* en 18 de junio contra el Juez de la Corte de Distrito de San Juan, Sección 2ª., Jesús María Rossy, que fué el que dictó la orden cuya nulidad se pide, y como no pudiera elevar los autos por haberlos remitido a la Corte de Distrito de Humacao, se reclamaron al juez de esa corte, señalándose para la vista el día 25 de junio, cuyo acto tuvo lugar con asistencia de los abogados de Rafael Fabián y Josefina Finlay.

La única cuestión legal a discutir y resolver es si el Juez de la Corte de Distrito de San Juan, Sección 2ª., tenía o nó jurisdicción para dictar la orden de cuya nulidad se trata.

La ley para dotar de dos jueces a la Corte de Distrito del Distrito Judicial de San Juan, aprobada en 8 de marzo de 1906, ordena en su sección 1ª. que ·dicha corte se compondrá de dos jueces y se dividirá en dos secciones que se denominarán sec-

ción 1ª. y sección 2ª., y después de fijar la jurisdicción de los jueces de una y otra sección y de consignar otros preceptos que no son atinentes al presente caso, estatuye en su sección 12ª. "que los jueces de las secciones 1ª. y 2ª. podrán sustituirse mutuamente en casos de enfermedad de uno de ellos o en aquellos en que por cualquier otro motivo esté alguno impedido de desempeñar sus funciones."

En la moción presentada a la Corte de Distrito de San Juan, Sección 2ª., el día 11 de junio de 1915 para que se celebrara la vista de la moción dirigida al juez de la sección 1ª. para que la niña Josefina Fabián Finlay fuera trasladada a la casa de su madre y pasara allí dos meses de vacaciones bajo el cuidado de la demandante, no se expresa que el juez de la sección 1ª. esté enfermo ni se alega el motivo que le impida desempeñar sus funciones; pero como tenemos conocimiento judicial de que el período de vacaciones de la Corte de Distrito de San Juan, Sección 1ª., comprende los meses de junio y julio, bien podemos estimar que la moción de que se trata fué presentada al juez de la sección 2ª. por encontrarse disfrutando de vacaciones el juez de la sección 1ª.

Parécenos que la sustitución mutua de los jueces de las Secciones 1ª. y 2ª. de la Corte de Distrito de San Juan, establecida por la sección 12ª. de la ley citada no comprende el caso en que uno de los jueces esté disfrutando de vacaciones.

Esa ley sólo se refiere a los casos en que uno de los jueces esté enfermo o impedido de desempeñar sus funciones, o lo que es lo mismo, a casos en que el juez por causas independientes de su voluntad no pueda actuar. Cuando deja de actuar para disfrutar de vacaciones usando del derecho que la ley le reconoce, no cabe la sustitución establecida por la sección 12ª.

No hay ley alguna que establezca sustituciones reglamentarias para el caso en que un juez de distrito esté en vacaciones, y no hay motivo legal alguno especial para estable-

cer esa sustitución tratándose de los jueces de las dos secciones de la Corte de Distrito. de San Juan, cuando la ley expresamente no la establece.

El Juez Jesús María Rossy de la Sección 2ª. de la Corte de Distrito de Sán Juan no podía sustituir al juez de la sección 1ª. en un caso como el presente, y si la sección 12ª. de la Ley de 8 de marzo de 1906 no le otorgaba jurisdicción para ello, carecía igualmente de jurisdicción para trasladar el caso a la Corte de Distrito de Humacao.

Pero ni aún en la hipótesis de que fuera juez sustituto del de la sección 1ª. por razón de las vacaciones de que éste estaba disfrutando, tampoco hubiera tenido jurisdicción para trasladar el caso en la forma en que lo hizo a la Corte de Distrito de Humacao.

El artículo 23 del Código de Enjuiciamiento Civil establece que:

"Artículo 23.—Un juez no puede actuar como tal en ninguno de los casos que siguen:

"1. En un pleito o procedimiento en que sea parte o en que estuviere interesado;

"2. Cuando estuviere ligado a alguna de las partes con parentesco de consanguinidad o afinidad dentro del tercer grado, computado según las disposiciones de la ley;

"3. Cuando hubiere sido abogado o consultor de cualquiera de las partes en el pleito o procedimiento. Pero este precepto no será aplicable a la formación de la lista de señalamientos ni a la reglamentación del orden de los asuntos, ni a la traslación del pleito a otro distrito."

No prescribe dicho artículo cuál sea el distrito a que deba trasladarse el pleito en los casos expresados. Ese silencio viene a suplirlo el artículo 84 del mismo Código que dice así:

"Artículo 84.—Si un pleito o procedimiento se iniciare o estuviere pendiente ante una corte, y el juez de ésta estuviere incapacitado para actuar, o si por cualquier motivo la corte ordenare un cambio en el lugar de la vista, deberá aquel trasladarse a un tribunal convenido por las partes mediante estipulación por escrito o celebrada

ante la corte y consignada en su libro de actas; y si no llegasen a ponerse de acuerdo, entonces se trasladará el asunto a la corte más cercana en que no exista el mismo inconveniente o la causa que originó el traslado, verificándose éste a otra corte de distrito.''

Si el Juez Rossy a quien no reconocemos la facultad de sustituir al de la Sección 1ª. de la Corte de Distrito de San Juan sino en los casos a que se refiere la sección 12ª. de la Ley de 8 de marzo de 1906, según queda explicado, se creía realmente sustituto legal del mismo en virtud de dicha sección, y entendía que estaba incapacitado para actuar en el caso, debió oir a las partes acerca del lugar al que quisieran verificar la traslación del caso, antes de ordenar el traslado a la Corte de Distrito de Humacao. Lejos de hacerlo así, sin audiencia de las partes, dispuso el traslado infringiendo el artículo que dejamos transcrito. Hablamos así en el supuesto, que no admitimos, de que pudiera sustituir al juez de la Sección 1ª y en ese concepto tuviera jurisdicción para conocer del caso.

El conocimiento del pleito no pudo pasar al Juez Rossy sin una resolución del juez que originariamente conocía del mismo o bien por decreto del Gobernador, si llegaba el caso de cumplirse lo dispuesto en el artículo 21 del Código de Enjuiciamiento Civil.

Por las razones expuestas procede declarar con lugar el presente recurso de *certiorari* y anular la orden que dictó el Juez de la Corte de Distrito de San Juan, Sección 2ª., en 14 de junio del corriente año.

> *Declarada con lugar la solicitud y anulada la resolución de 14 de junio, 1915.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.